Bell, J.
—This suit was instituted by the appellants, Berry, Fix, and Searcy, to recover a tract of land. The record discloses, that on the 27th day of October, A. D. 1866, one James Petty recovered a judgment in the District Court for Caldwell county against Thomas R. Brite and J. B. Calicote, and that execution issued on said judgment on the 29th day of December, A. D. 1866. Action upon this writ of execution was superseded, the defendants having sued out a writ of error to this court. The writ-of-error bond, which was signed by Calicote, was dated on the 16th of March, A. D. 1857, and was approved on the 25th of the same month. The judgment of the District Court in the case (Calicote v. Petty) was affirmed by this court on the 23d day of October, A. D. 1857. A second execution was issued by the district clerk of Caldwell county, on the 21st day of January, A. D. 1858. This last-named execution was issued against Brite, Calicote, and the sureties on the writ-of-error bond, and was levied on the land in controversy on the 20th of February, A. D. 1858. On the first Tuesday of April, A. D. 1858, the land was sold by the sheriff, and purchased by the appellants, Berry, Fix, and Searcy.
It appears further, from the evidence; that Calicote did not own the land in question at the time of the rendition of the judgment against him, viz, on the 27th day of October, 1856; but he acquired the land by deed, from one Coffee, on the 19th day of January, A. D. 1857, which, it will be borne in mind, was prior to the execution of the writ-of-error bond. Calicote sold the land to the present appellee, Shuler, on the 7th day of December, A. D. 1857. This sale by Calicote to Shuler was after the affirmance of the judgment in favor of Petty against Brite and Calicote by this court, and prior to the issuance and levy of the second execution.
The question upon which the decision of the cause must turn, arises upon the charge of the court below to the jury. *148 The motion for new trial below was based partly upon the ground, that there was error in the charge, and the question is raised here by the first assignment of error.
Without discussing the first and second propositions contained in the charge, we think it clear, that there is error in the latter branch of it. The judge says: “If you find that, after the writ of error was sued out by Calicote to remove the cause in which Petty had obtained a judgment against him to the Supreme Court, and before the levy of execution on the land, Calicote had sold the land to Shuler, then you will find for the defendant."
This charge did not settle the effect of the execution of the writ-of-error bond. The act of March 13, 1846, provides, that the writ-of-error bond, when executed, “shall have the force and effect of a judgment against all the obligors, upon which execution may issue in case of forfeiture." The point now under consideration was adverted to by us in the case of Robertson v. Moorer, decided at the last term at Tyler, though the point was not then expressly decided. (25 Tex., 428.) It was then said by us, “ That the judgment of this court, affirming the judgment of the District Court, is the declaration of the forfeiture of the bond." And we then ’ intimated the opinion, that upon the declaration of the forfeiture of the writ-of-error bond, “the lien which springs out of it relates back to the time of its execution, and binds the land of the surety in the county where the original judgment was rendered from that time." We now announce this to be the opinion of the court, after having again considered the question. As a matter of course, if the forfeiture of the writ-of-error bond raises a lien upon the land of the surety, it must have the same effect upon the land of the principal in the bond, for he is also an obligor. Inasmuch, then, as Calicote acquired the land in controversy from Coffee, on the 19th day of January, A. D. 1857, we are of opinion that the writ-of-error bond, executed and approved in *149 the month of March, A. D. 1857, operated as a lien on the land from the date of its execution, as a consequence of the forfeiture of the bond by the judgment of this court; and that the subsequent sale by Calicote to Shuler was a sale subject to the lien. These views will require the reversal of. the judgment, and we do not think it necessary to consider other questions which are urged by counsel.
The judgment of the court below is reversed, and the cause
Remanded.